The case being submitted without argument, the' opinion of the court was now delivered by
Kent, J.
This is a motion in arrest of judgment. The declaration states, that the plaintiff was an overseer of highways in Cayuga county, and that the defendant said to him in the hearing of divers people,
1st. You have sworn to a lie, and I will prove it,
2d. You have sworn to a lie.
3d. You have perjured yourself, as one of the commissioners of highways of the town of Washington, in the county aforesaid, and I can prove it.
The verdict was a general one for the plaintiff. It is urged, on the part of the defendant, that the words in the first and second counts arc not actionable, and that it is not'
alleged that any oath was taken, by the plaintiff, before any person competent to administer it. It is further urged-, that tile charge in the third count relates only to the promissory *349 oath of office, for which an indictment for periurv will i J J not he.
Wo are of opinion, that the objection to the first and second counts, is well taken. Swearing to a lie does not necessarily imply that the party has, in judgment of law, perjured himself. It may mean, that he has sworn to a falshood, without being conscious at the time that it was a falshood. Actionable words, are those that convey the charge of perjury in a clear unequivocal manner, and which admit of no uncertainty. The charge is defective •in not stating any court, or competent officer, before whom the plaintiff swore. It may mean extrajudicial swearing, and therefore it is held that a charge that one is foresworn, is not actionable; because it shall not be intended in a case ' where perjury may be committed. On the other hand, a charge that one is perjured, is actionable, for that implies the direct legal crime.
With respect to the third count, we are of opinion, that it is sufficient to sustain an action ; but as the verdict is general, the judgment must be arrested; the plaintiff, however, on application, might have been entitled to a venire de novo, on payment of costs,*

 Anger v. Wilkins, Barnes 478. Smith v. Haward, ib. 480. S. P. So pr. Buller J. in Eddowes v. Hopkins, Doug. 377. See also Grant v. Astle, Doug. 722.